## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**HENRY JOSEPH LANERI, III, # R0205**                                        **PETITIONER**

**VERSUS**                                        **CIVIL ACTION NO. 1:16cv366-HSO-MTP**

**COMMISSIONER FISHER**                                        **RESPONDENT**

### <u>REPORT AND RECOMMENDATION</u>

THIS MATTER IS BEFORE THE COURT on Henry Joseph Laneri, III's Petition [1] for a writ of *habeas corpus* under 28 U.S.C. § 2254, Respondent's Motion to Dismiss [7] the Petition, and a various other motions [9][22] filed by Petitioner. Having considered the submissions of the parties and the applicable law, the undersigned recommends and that the Motion [7] to Dismiss be GRANTED and the Petition [1] be DISMISSED WITHOUT PREJUDICE for failure to exhaust state court remedies.

### PROCEDURAL HISTORY

On January 13, 2012, Petitioner pled guilty to possession of contraband in a correctional facility in the Circuit Court of Pearl River County. *See* [7-1]. Petitioner was sentenced to a term of eight (8) years, with two (2) years to be served in the custody of the Mississippi Department of Corrections ("MDOC") and to run concurrently to a preexisting conviction from Hancock County, with the remaining six (6) years to be served on post-release supervision with a five (5) year supervision period. *See* [7-2].

On September 1, 2016, the Circuit Court of Pearl River County entered an "Order of Revocation of Post Release" finding that Petitioner had violated the terms of his post-release supervision by possessing a controlled substance and mood altering drugs and sentencing him to serve a term of five (5) years and seven (7) months in the custody of the MDOC. *See* [1-4].

1

In the instant Petition for Writ of Habeas Corpus, filed on October 14, 2016, Petitioner states that "this Habeas Corpus is the first attempt at justice regarding the illegal un-appealable revocation of post release order." *See* [1] at 10.

## STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act ("AEDPA") and case law interpreting it provide the standards under which the Petition must be evaluated. *See Neal v. Puckett*, 286 F.3d 230, 235 (5th Cir. 2002), *cert. denied*, 537 U.S. 1104 (2003). As an initial matter, exhaustion of state remedies is a mandatory prerequisite to federal habeas relief under 28 U.S.C. § 2254:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State Court shall not be granted unless it appears that–
>
> (A)   the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> . . . .
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

To satisfy the exhaustion requirement, Petitioner must first present his claims to the highest state court in a procedurally proper manner so that the state is given a fair opportunity to consider and pass upon challenges to a conviction before those issues come to federal court for habeas corpus review. *O'Sullivan v. Boerckel,* 526 U.S. 838, 844-45 (1999). State courts, "like federal courts, are obliged to enforce federal law." *O'Sullivan*, 526 U.S. at 844.   Thus, "when a prisoner alleges that his continued confinement for a state court conviction violates federal law,

2

the state courts should have the first opportunity to review this claim and provide any necessary relief." *Id.* Exhaustion results from Petitioner's pursuit of his claims through state courts either by direct appeal or by post-conviction proceedings. *See Orman v. Cain,* 228 F.3d 616, 619-20 & n.6 (5th Cir. 2000).

It is against this backdrop that Petitioner's claims must be reviewed – with the added observation that a federal court does not "sit as a 'super' state supreme court" and may decide the issues presented by the habeas petition "only to the extent that federal constitutional issues are implicated." *Smith v. McCotter,* 786 F.2d 697, 700 (5th Cir. 1986); *see also Mendiola v. Estelle*, 635 F.2d 487, 491 (5th Cir. 1981).

## ANALYSIS

The undersigned agrees with Respondent that the claims presented in the Petition - that the revocation was improper - have not yet been properly presented to and decided by the state's highest court.[1] Petitioner argues that "revocation orders are not appealable within Mississippi." *See* [1] at 12. However, Petitioner could satisfy the exhaustion requirement of the AEDPA by utilizing the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, *et seq,* to challenge his sentence. Specifically, §99-39-5 provides in relevant part that:

> (1) Any person sentenced by a court of record of the State of Mississippi: . . may file a motion to vacate, set aside or correct the judgment or sentence . . . if the person claims:
>
> > (h) That his sentence has expired**; his probation, parole or conditional release unlawfully revoked**; or he is otherwise unlawfully held in custody;

---

[1] Petitioner indicates that he did not seek review by a higher state court with respect to the instant revocation. *See* [1] at 2. He also states that "none of the instant grounds have been brought before any state court other than the Circuit Court during the Revocation Hearing Proceedings." *See* [1] at 12.

3

(Emphasis Added)

After Respondent pointed out in the Motion to Dismiss that Petitioner still had time to file a post-conviction relief motion in state court, Petitioner filed a "Petition for Habeas Corpus in Preconviction" in the Pearl River County Circuit Court on January 25, 2017. *See* [7] at 4;[22-2]. The Circuit Court construed it as a post-conviction relief motion and denied it. *See* [22-1]. Petitioner appealed this decision, and the case is currently pending in the Mississippi state appellate court. *See* [23-1].[2]

Petitioner has not yet "give[n] the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan,* 526 U.S. at 840-41, 844-45, 847-48; *see also* 28 U.S.C.§ 2254(c) (stating that an applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). As Petitioner's post-conviction relief appeal is still pending in state court, the Respondent's Motion [7] to Dismiss should be granted and the Petition [1] should be dismissed without prejudice.[3] *See Bradshaw v. Hood*, No. 1:14-CV-445-HSO-RHW, 2015 WL 372717, at *1 (S.D. Miss. Jan. 28, 2015) ("Based on the [Petitioner's] pending motion . . . in the state [] court, the Court finds that Petitioner has not

---

[2] The undersigned reviewed the docket on the Mississippi Supreme Court website on April 25, 2017. Petitioner's appeal is currently pending. *See* https://courts.ms.gov/appellate_courts/generaldocket.html. The case number is 2017-TS-00407-COA.

[3] To the extent that Petitioner is attempting to challenge his original conviction - as he refers to it multiple times throughout his petition - those claims are barred as successive and untimely. *See* 28 U.S.C. § 2244(b) and (d). Laneri previously filed a federal habeas petition in Cause No. 1:15-CV-310-HSO-LRA challenging his January 2012 plea of guilty for possession of contraband and resulting sentence. That petition, filed in September 2015, was dismissed as untimely filed in violation of the AEDPA's statute of limitations period.

completed the exhaustion of his state remedies. As such, the Petition will be dismissed without prejudice for Petitioner's failure to exhaust his available state remedies.").

## RECOMMENDATION

For the reasons stated above, it is the recommendation of the undersigned that:

1. Respondent's Motion to Dismiss [7] be GRANTED;

2. Petitioner's Motion [9][4] for Summary Judgment be DENIED;

3. Petitioner's Motion [22][5] to Dismiss Respondent's Motion to Dismiss be DENIED; and

4. The Petition [1] be DISMISSED WITHOUT PREJUDICE.

## <u>RIGHT TO OBJECT</u>

In accordance with the rules and 28 U.S.C. § 636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the judge, the magistrate judge and the opposing party. The District Judge at the time may accept, reject or modify in whole or part, the recommendations of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

---

[4] In this motion [9], Petitioner generally requests that the Court grant his habeas petition. As outlined above, Petitioner has not exhausted his state court remedies. Accordingly, the undersigned recommends this motion [9] be denied.

[5] The undersigned construes this motion [22] as a reply to the motion [7] to dismiss. As Petitioner has not exhausted his state court remedies, the undersigned recommends that this motion [22] also be denied.

THIS, the 25th day of April, 2017.

s/ Michael T. Parker
United States Magistrate Judge