**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**HENRY JOSEPH LANERI, III, #R0205**                    **PETITIONER**

**v.**                                        **CIVIL NO. 1:16-cv-366-HSO-MTP**

**COMMISSIONER FISHER**                                **RESPONDENT**

**MEMORANDUM OPINION AND ORDER OVERRULING
PETITIONER'S OBJECTIONS [25], ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [24],
GRANTING RESPONDENT'S MOTION [7] TO DISMISS, DENYING
PETITIONER'S MOTION [9] FOR SUMMARY JUDGMENT AND
MOTION [22] TO DISMISS, AND DISMISSING WITHOUT PREJUDICE
THE PETITION [1] FOR HABEAS CORPUS RELIEF**

This matter comes before the Court on Petitioner Henry Joseph Laneri, III's

Objections [25] to the Report and Recommendation [24] of United States Magistrate

Judge Michael T. Parker, entered in this case on April 25, 2017. The Magistrate

Judge recommended that the Court grant the Motion [7] to Dismiss filed by

Commissioner Fisher ("Respondent"), deny Petitioner Henry Joseph Laneri's

("Petitioner") Motion [9] for Summary Judgment and Motion [22] to Dismiss, and

dismiss without prejudice Petitioner's Petition Under 28 U.S.C. §2254 for Writ of

Habeas Corpus [1] on grounds that Petitioner failed to exhaust State remedies

before filing suit in federal court, as required by 28 U.S.C. § 2254 (b) – (c). R. & R.

[24], at 3-5.

Having considered the Report and Recommendation and having conducted a

de novo review of those portions to which Petitioner objects, the Court finds that

Petitioner's Objections [25] should be overruled, and the Report and Recommendation [24] should be adopted as the finding of the Court. Accordingly, the Court will grant Respondent's Motion [7] to Dismiss and deny Petitioner's Motion [9] for Summary Judgment and Motion [22] to Dismiss. The Petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 will be dismissed without prejudice for failure to exhaust State court remedies. R. & R. [24] at 3-5.

## I. RELEVANT BACKGROUND

In his Petition [1], Petitioner asks the Court to review the "unconst[itutional] 'Revocation Sentence Order'" entered by the Circuit Court of Pearl River County, Mississippi, while acknowledging that he did not exhaust his "state remedies" because it was his understanding that the Order was not appealable under Mississippi law. Pet. [1] at 1, 3, 5; Order of Revocation of Post Release [1-4] at 1.

On November 10, 2016, Respondent filed a Motion [7] to Dismiss arguing that Petitioner did have a State law remedy under "the Mississippi Uniform Post-Conviction Collateral Relief Act, Mississippi Code Annotated, §§ 99-39-1, *et seq.*" Mot. to Dismiss [7] at 3-4.

On or about January 25, 2017, Petitioner instituted an action in the Circuit Court of Pearl River County, Mississippi, seeking post-conviction relief. Suppl. Resp. in Opp'n [21-2] at 1-14. The Circuit Court of Pearl River County, Mississippi, dismissed the case, and Petitioner appealed that decision to the Mississippi

Supreme Court. Petitioner's appeal is docketed as 2017-TS-00407-COA. Reply [23] at 1-3.

On April 25, 2017, the Magistrate Judge entered his Report and Recommendation [24] finding that because Petitioner's "post-conviction relief appeal" was still pending in State court: (1) Respondent's Motion to Dismiss [7] should be granted; (2) Petitioner's Motion [9] for Summary Judgment should be denied; (3) Petitioner's Motion [22] to Dismiss Respondent's Motion to Dismiss should be denied; and (4) the Petition [1] should be dismissed without prejudice. R. & R. [24] at 3-5.

Petitioner filed his Objections [25] to the Report and Recommendation on May 5, 2017, asserting, in pertinent part, that to the best of his "Pro Se knowledge" his State court appeal had been dismissed such that he had exhausted his State court remedies. Obj. [25] at 3-4.

## II. DISCUSSION

### A. Standard of Review

Because Petitioner has filed Objections [25] to the Magistrate's Report and Recommendation [25], this Court is required to make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)). However, the district court need not "reiterate the findings and conclusions of the magistrate judge." *Id*. Nor must it consider

"[f]rivolous, conclusive or general objections." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). With respect to those portions of the Report and Recommendation to which Petitioner did not file objections, the Court reviews those findings under a clearly erroneous or contrary to law standard. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

In reviewing Petitioner's Objections [25], the Court is mindful that Congress, through the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2241, et seq., has restricted federal court review of habeas petitions filed on behalf of persons in State custody. *White v. Thaler*, 610 F.3d 890, 898 (5th Cir. 2010). Specifically, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>> (1) resulted in a decision that was *contrary to, or involved an unreasonable application of*, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an *unreasonable determination of the facts* in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (emphasis added). "A state-court decision is contrary to clearly established federal law when it 'arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the Supreme Court] has on a set of materially indistinguishable

facts.'" *Trottie v. Stephens*, 720 F.3d 231, 240 (5th Cir. 2013) (quoting *Williams v. Taylor,* 529 U.S. 362, 413 (2000)).

The AEDPA's substantively deferential posture towards the judgment of State courts comports with its procedural requirement that a petitioner must exhaust his remedies in State court before turning to the federal system for relief. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to a federal court."); *Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973) ("The rule of exhaustion in federal habeas corpus actions is rooted in considerations of federal-state comity."); *Deters v. Collins*, 985 F.2d 789, 794 (5th Cir. 1993) ("[T]he most dominant and important concern of exhaustion is that of comity: State courts should have the first opportunity to make right their mistakes.").

Congress has generally prohibited federal courts from granting habeas relief to persons in State custody unless a petitioner first presents his claim to the State court. *See* 28 U.S.C. § 2254(b)–(c).

> The exhaustion requirement is satisfied when the substance of the federal claim is "fairly presented" to the highest state court on direct appeal or in state post-conviction proceedings, "even if the state court fails to address the federal claim," *Soffar v. Dretke*, 368 F.3d 441, 467 (5th Cir. 2004), or, if the federal claim is not fairly presented but the state court addresses it *sua sponte, Jones v. Dretke*, 375 F.3d 352, 355 (5th Cir. 2004).

*Johnson v. Cain*, 712 F.3d 227, 231 (5th Cir. 2013).

B.    The Report and Recommendation should be adopted as the finding of the Court.

The Report and Recommendation concluded that because Petitioner had not exhausted his State court remedies, the Petition should be dismissed without prejudice.  R. & R. [24] 3-5.  Plaintiff's relevant objection is based upon his belief that his State court appeal has been denied such that he has now exhausted his State court remedies.[1]

As of the date of this Order, the Court has reviewed the Mississippi Supreme Court docket for Case No. 2017-CP-00407-COA, styled "Henry J. Laneri, III v. State of Mississippi," and finds that Petitioner's State court appeal remains pending, and that a briefing schedule was entered by the Clerk of that Court on July 5, 2017.[2] Because Petitioner's State court appeal remains pending, he has not exhausted his State court remedies, and the Magistrate Judge properly recommended that the Petition be dismissed without prejudice.  *Johnson*, 712 F.3d at 231.

Having conducted the required review, the Court concludes that the Magistrate Judge's Report and Recommendation thoroughly considered all issues and should be adopted as the opinion of the Court.

---

[1]  Petitioner raises other objections as well; however, the Court need not address these because Petitioner's State court action is still pending.  *Johnson*, 712 F.3d at 231.

[2] *See* https://courts.ms.gov/appellate_courts/generaldocket.html, case number 2017-TS-00407-COA.

## III. CONCLUSION

The Court finds that the Magistrate Judge properly recommended that Petitioner's Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 be dismissed without prejudice. The Report and Recommendation will be adopted as the opinion of this Court.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that the Petitioner's Objections [25] are overruled and the Magistrate Judge's Report and Recommendation [24], entered in this case on April 25, 2017, is adopted as the opinion of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Respondent Commissioner Fisher's Motion [7] to Dismiss is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Petitioner Henry J. Laneri, III's Motion [9] for Summary Judgment and Motion [22] to Dismiss are **DENIED**, and the Petition Under 28 U.S.C. §2254 for Writ of Habeas Corpus [1] filed October 14, 2017, is **DISMISSED WITHOUT PREJUDICE**. A separate judgment will be entered in accordance with this Order, as required by Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED**, this the 3rd day of July, 2017.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE